**660 LINDBERG, INC. et al., Plaintiffs,**

v.

**CITY OF ATLANTA et al., Defendants.**

**Civ. A. No. 80–1009.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 30, 1980.

Charles W. Boyle, Robert E. Smith, Glenn Zell, Atlanta, Ga., for plaintiffs.

Ferrin Y. Mathews, City Atty., W. Roy Mays, III, Asst. City Atty., Andrew J. Hairston, City Sol., Lewis R. Slaton, Dist. Atty., Atlanta Judicial Circuit, Hinson McAuliffe, Sol. Gen., Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This is a suit in which plaintiffs seek declaratory and injunctive relief prohibiting the enforcement against their peep show operations of certain Georgia statutes and a local ordinance[1] of the City of Atlanta, concerning the abatement of nuisances. The court has previously held a hearing and entered orders dated July 17, 1980, denying a preliminary injunction. Now before the court are motions to dismiss by the defendants on various grounds, including abstention.

There are basically four such motions. On July 8, 1980, two almost identical motions were filed, one by the City of Atlanta and Mr. Hairston, the other by Mr. Slaton and Mr. McAuliffe. Each moved the court to dismiss under Rule 12(b)(6) Fed.R.Civ.P. for failure to state a claim on which this court could grant relief, and also asked the court to abstain on the ground that state law was unclear. Subsequently, the court held a hearing on the preliminary injunction phase of the case. At that hearing, defendants Slaton and McAuliffe orally moved the court to abstain and dismiss as to six of the defendants against whom nuisance abatement proceedings had by that time been filed, although at the time the complaint was filed no such proceedings were pending against any of the plaintiffs. Finally, on June 29, defendants City of Atlanta and Mr. Hairston filed a brief in support of their motion to dismiss under Rule 12(b)(6) on grounds that plaintiffs had available to them a state court forum in which to air their constitutional claims.

The court finds that the pending motions to dismiss insofar as they are based on Rule 12(b)(6) must be denied. As this court indicated in one of its July 17 orders, a preliminary analysis of this suit would indicate that there were no significant First Amendment issues present. But the bases for relief urged in the complaint are many, varied, and overlapping; they are not limited to claims under the First Amendment. Among other things, plaintiffs claim that they are the victims of discriminatory enforcement, harassment and bad faith prose-

1. Ga.Code Ann. § 72 201 *et seq.*; and § 17 9001 of the Atlanta City Code of Ordinances.

cution. The court cannot say that plaintiffs would be entitled to no relief under any state of facts which could be proved in support of the allegations of the complaint. 2A Moore, Federal Practice ¶ 12.08 (1980).

To the extent that the motions to dismiss assert that plaintiffs lack standing, the motions have no merit. Plaintiffs allege that they intend to prove that some illegal activity has taken place in each of the stores.

That leaves for decision the portion of the pending motions urging abstention. The court notes that there are nine plaintiffs. Although nuisance abatement actions had been filed[2] before the date of the hearing against six of them, there are three plaintiffs, namely, 3215 Roswell, Inc., 1080 Peachtree Inc., and 106 Forsyth Corp., as to whom no nuisance abatement actions are pending.

Looking briefly at principles of abstention, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), established that federal courts should not intervene in ongoing state prosecutions, in the absence of exceptional circumstances such as bad faith prosecutions and harassment. Later cases have established that the. *Younger* principle also applies to nuisance cases. The Supreme Court has held that nuisance litigation such as that now before the court "in important respects is more akin to a criminal prosecution than are most civil cases." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). In *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), the Court wrote that where there is no ongoing state prosecution, the court requires no exceptional circumstances in order to reach the merits of the case. "We therefore hold that, regardless of whether injunctive relief may be appropriate, federal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute, wheth-

er an attack is made on the constitutionality of the statute on its face or as applied." *Steffel v. Thompson, supra*, 415 U.S. at 475, 94 S.Ct. at 1223. In other words, where there is no pending state proceeding, there is no necessity for *Younger* abstention.

■ However, abstention may still be appropriate under the test of *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). "*Pullman* establishes three factors for the district court to consider in deciding whether or not to abstain: (1) whether the disposition of a question of state law involved in the case can eliminate or narrow the scope of the federal constitutional issue; (2) whether the state law question presents difficult, obscure or unclear issues of state law; and (3) whether a federal decision could later conflict with subsequent state court resolutions concerning the same regulatory program or scheme, thus engendering more confusion. * * * [Abstention] should be applied only when the court is convinced that at least one of the *Pullman* factors is present." *High Ol' Times, Inc. v. Busbee*, 621 F.2d 135 (5th Cir., 1980).

■ This court finds that none of the *Pullman* tests is met here. The sole, rather clear-cut, question is whether the facially unchallenged statutes and ordinance are constitutional as applied to plaintiffs' businesses. Moreover, plaintiffs do at least assert violations of First Amendment rights, making abstention even less appropriate. *Zwickler v. Koota*, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

Finally, a guiding principle in this area is that ". . . the federal courts are obliged to exercise their jurisdiction in all but exceptional cases." 1A Part II, Moore, Federal Practice ¶ 0.203[2] p. 2129 (1980).

Application of these principles to the pending motions indicates that abstention is inappropriate as to the three plaintiffs against whom there are no pending state

---

2. These prosecutions are considered to be ongoing or pending, despite the fact that they had not been initiated before the complaint was filed; they had been initiated before this court began a significant involvement with the case. *Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281, 2291, 45 L.Ed.2d 223 (1975).

prosecutions. Abstention as to the other six plaintiffs might or might not be appropriate, depending upon whether there is substance to the claim by plaintiffs that the prosecutions were instituted in bad faith for purposes of harassment. This must await the evidentiary hearing on the merits, and at that time plaintiffs may address the possible applicability of *Wooley v. Maynard*, 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977).

Accordingly, it is ORDERED that the pending motions to dismiss are DENIED without prejudice to the right of defendants to raise these motions at a later point in the litigation.